FILED
OCT 17 2025
Clerk, U.S. District Court
Texas Eastern

+

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

6:25-cv-404
KNM

| | |
|---|---|
| **ELSTON TATUM,** | § |
| **Plaintiff,** | § |
| v. | § |
| **ALLEVIATE FINANCIAL SOLUTIONS, LLC,** a California Limited Liability Company, | § |
| **Defendant.** | § |

# PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1. The Plaintiff is ELSTON TATUM ("Plaintiff"), a natural person, resident of the Eastern District of Texas, and was present in Texas for all automated prerecorded phone calls in this case.

2. Defendant ALLEVIATE FINANCIAL SOLUTIONS, LLC ("AFS"), is a limited liability company organized and existing under the laws of California. Alleviate's registered agent is Corporation Service Company, 211 E. 7th Street Suite 620, Austin TX 78701.

## JURISDICTION AND VENUE

3. **Jurisdiction.** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

4. **Personal Jurisdiction.** This Court has specific personal jurisdiction over Defendants

because Defendants purposefully availed themselves to Texas and this District, and there is a sufficient relationship between Defendants' purposeful contacts with Texas and the litigation.

a. Defendants targeted Texas when marketing debt solution services and regularly conduct business in this District.

b. Defendants have been the subject of previous complaints in the Western District of Texas.

c. Defendants called Plaintiff's Texas area phone number ending in 7014 to generate leads for Defendants.

d. These calls to Texas injured Plaintiff in Texas, creating a causal link among Defendants, the forum, and the litigation that exceeds the non-causal affiliation sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

5. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. He was residing in the Eastern District of Texas when he received a substantial, if not every single, prerecorded phone call and text message from Defendants, which is the subject matter of this lawsuit.

6. This Court has venue over the Defendants because the phone calls at issue were sent by or on behalf of the above-named Defendants to Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11. Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13. According to findings of the FCC, the agency vested by Congress with authority to issue

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**TEXAS BUSINESS AND COMMERCE CODE**

20. A telephone solicitor may not make a consumer telephone call to a consumer unless the telephone solicitor, immediately after making contact with the consumer to whom the call is made, identifies himself or herself by name, the business on whose behalf the telephone solicitor is calling and the purpose of the call. TBCC § 301.051(b)(A-C).

21. A person who knowingly violates this chapter is liable for a civil penalty of not more than $10,000 for each violation. TBCC § 301.103(a).

22. A consumer injured by a violation of this chapter may bring an action for recovery of damages. TBCC § 301.104.

23. Venue for an action brought under this chapter is in the county in which the consumer telephone call was received. TBCC § 301.105(2).

24. Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas],"

(2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

25. Under Texas Business and Commerce Code § 302.302(a) Plaintiff is entitled to seek damages of up to $5000 per violation under §302.101.

26. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

27. A person may not make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call. Tex. Bus. & Com. Code § 305.001(1).

28. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

29. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

30. If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation or three times the plaintiff's actual damages. Tex.

Bus. & Com. Code § 305.053(c)(1-2).

31. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

32. .

## FACTUAL ALLEGATIONS

33. Defendant AFS offers debt solution services to consumers throughout Texas and the United States.

34. Defendants routinely violate the TCPA as a part of their business model and knowingly and willfully commit TCPA violations.

35. Defendant AFS has been party to multiple Federal lawsuits in which Defendant AFS was accused of TCPA violations.

36. Defendants have not taken any measures to comply with Federal or State consumer telephone protection laws.

37. At all relevant times, Plaintiff maintained and used a residential cellular telephone line with a phone number ending in 7014, the "7014 Number.".

38. At all times material hereto, Plaintiff was the subscriber of the telephone number ending in 7014 and paid his cell phone bill through AT&T.

39. Plaintiff's 7014 Number has been registered on the National Do-Not-Call Registry since 2023.

40. Plaintiff registered the 7014 Number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The telemarketing calls prevented Plaintiff from using his phone for legitimate purposes.

41. Plaintiff received eleven (11) prerecorded solicitation phone calls to the 7014 Number from Defendants soliciting their goods and services.

42. The phone calls were not related to any emergency purpose and were sent without Plaintiff's express written consent.

43. Plaintiff received the first phone call on September 9, 2025. A pre-recorded ringless message from "Sophia" from American Lending offered debt solution services. The voicemail instructed plaintiff to call back number 888-220-4680.

44. Plaintiff received 7 more pre-recorded ringless messages from Sophia between September 10, 2025, and September 22, 2025, exactly like the message in paragraph 43.

45. On September 22, 2022, Plaintiff called phone number 888-220-4680 as part of an investigation into the origin of the calls.

46. Plaintiff was connected to Defendant's agent who solicited Plaintiff for debt relief services. Defendant emailed Plaintiff a "Client Service Package" agreement from Alleviate while Plaintiff was still on the phone with Defendant.

47. Below is a sample of the text messages received from Sophia at 888-220-4680:




48. Table A below displays calls made to Plaintiff by Defendants:

TABLE A

| Call # | Date | Caller ID | Time | Outcome |
|---|---|---|---|---|
| 1 | 9/9/2025 | 888-220-4680 | 1:13 PM | Pre-recorded call |
| 2 | 9/10/2025 | 888-220-4680 | 11:35 AM | Pre-recorded call |
| 3 | 9/10/2025 | 888-220-4680 | 4:09 PM | Pre-recorded call |
| 4 | 9/11/2025 | 888-220-4680 | 11:37 AM | Pre-recorded call |
| 5 | 9/17/2025 | 888-220-4680 | 12:06 PM | Pre-recorded call |
| 6 | 9/17/2025 | 888-220-4680 | 5:32 PM | Pre-recorded call |

| | | | | |
|---|---|---|---|---|
| 7 | 9/17/2025 | 888-220-4680 | 5:47 PM | Pre-recorded call |
| 8 | 9/19/2025 | 888-220-4680 | 2:13 PM | Pre-recorded call |
| 9 | 9/22/2025 | 888-220-4680 | 2:49 PM | Pre-recorded call |
| 10 | 9/23/2025 | 888-220-4680 | 3:39 PM | Pre-recorded call |
| 11 | 9/24/2025 | 888-220-4680 | 2:39 PM | Pre-recorded call |
| | | | | |

49. Plaintiff searched the Texas Secretary of State website https://direct.sos.state.tx.us/telephone/telephonesearch.asp on October 6, 2025, and did not find a valid Texas Solicitation Registration for Defendant AFS as required by Texas Business and Commerce Code § 302.101.

50. Defendant AFS does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents. Plaintiff is a Texas resident.

51. Defendant AFS does not qualify for an exemption under Texas Business and Commerce Code § 302.101.

52. Defendant AFS is not a publicly traded company.

53. Every call was placed without the maintenance of an internal do-not-call policy or training of their agents/employees on the use of an internal do-not-call policy.

54. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

55. No emergency necessitated the calls.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

56. Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

57. Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

58. Defendants' calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

59. Plaintiff has been harmed, injured, and damaged by phone calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, more frequent charging of his cell phone, and increased electric bills resulting from increased charging of his cell phone.

### Plaintiff's cell phone is a residential number

60. The calls were to Plaintiff's cellular phone ending in 7014 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and does not primarily use the phone for any business purpose.

### Violations of the Texas Business and Commerce Code

75. The actions of the defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

76. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E,

Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

77. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

78. Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation under §302.101.

**FIRST CLAIM FOR RELIEF**
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(C))**
**(Against All Defendants)**

79. Plaintiff incorporates the preceding paragraphs 1-78 as if fully set forth herein.

80. Defendants called Plaintiff's private residential telephone number, which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

81. Plaintiff was statutorily damaged at least eleven (11) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the telephone calls described above, in the amount of $500 per call.

82. Plaintiff is entitled to an award of up to $500 in damages for each such violation, 47 U.S.C. § 227(c)(5)(B).

83. Plaintiff is entitled to an award of up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

**SECOND CLAIM FOR RELIEF**
**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**
**(Against All Defendants)**

84. Plaintiff incorporates the preceding paragraphs 1-83 as if fully set forth herein.

85. The foregoing acts and omissions of Defendants constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing prerecorded phone calls to Plaintiff's cellular telephone number without his prior express consent.

86. Plaintiff was statutorily damaged at least fourteen (11) times under 47 U.S.C. § 227(b)(3)(B) by Defendants by the telephone calls described above, in the amount of $500 per call.

87. Plaintiff was statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the Court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

88. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

**Third CLAIM FOR RELIEF**
**Violation of Texas Business and Commerce Code § 305.053 Pursuant to 47 U.S.C. § 227(b)(c)**

89. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-88

90. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2)

91. Defendant made at least eleven (11) prerecorded phone calls to Plaintiff's cell phone in violation of 47 U.S.C. § 227(b)(c)(1)(A)(iii) and therefore violated Texas Business and Commerce Code 305.053

92. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(c)(1-2).

93. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

**FOURTH CLAIM FOR RELIEF**
**(Violations of the Texas Business and Commerce Code § 302.101)**
**(Failure to Register to Telephone Solicit in Texas)**

94. Plaintiff incorporates the preceding paragraphs 1-93 as if fully set forth herein.

95. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code § 302.101 by making nineteen (11) non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

96. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code § 302.302(a).

97. Plaintiff is entitled to all reasonable attorneys' fees, deposition costs, and discovery costs. Texas Business and Commerce Code § 302.302(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elston Tatum prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that the actions complained of herein by Defendant violate the TCPA and Texas state law;

C. An injunction enjoining Defendant and its affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1,500 per call in statutory damages arising from intentional violations of the TCPA § 227(C) for Eleven (11) calls;

E. An award of $1,500 per call in statutory damages arising from intentional violations of the TCPA § 227(B) for Eleven (11) calls;

F. An award of $1,500 per call in statutory damages arising from the Texas Business and Commerce Code 305.053 pursuant to TCPA §227(b)(c) intentional knowing and willful violations against the corporation and individual for eleven (11) calls.

G. An award of $5,000 in statutory damages arising from eleven (11) violations of the Texas Business and Commerce Code § 302.101;

H. An award to Mr. Tatum of damages, as allowed by law under the TCPA;

I. An award to Mr. Tatum of interest, costs, and attorneys' fees, as allowed by law and equity;

J. Such further relief as the Court deems necessary, just, and proper.

October 17, 2025

Respectfully submitted,

Elston Tatum
Plaintiff, Pro Se
471 Utah Avenue
Tyler, TX 75704
903-747-7014
Elstontatum56@gmail.com

## I. **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: October 17, 2025

Elston Tatum
Plaintiff, Pro Se
471 Utah Avenue
Tyler, TX 75704
903-747-7014
Elstontatum56@gmail.com